lee.

## A91A0571. REYNOLDS v. THE STATE.
### (406 SE2d 553)

BEASLEY, Judge.

Appellant was convicted of rape (OCGA § 16-6-1), burglary (OCGA § 16-7-1), and simple battery (OCGA § 16-10-95). The defense to rape was consent.

The evidence is as follows. The victim lived alone. On April 28, 1989, she arrived home from work at approximately 7:30 p.m. and saw appellant seated on the front steps of the house next door. She said hello to him but they had no further conversation. At approximately 12:30 a.m., the victim found herself being awakened by an unknown male in her bedroom who told her he wanted to have sex with her. She struggled, but he punched her on the temple and jaw with such force that she realized that she could do nothing to stop him. He then raped her. To get her to remain still while he raped her, he gouged her eyes with his fingers. Afterward, he told her that if she said anything to the police he would kill her. She testified that he had a tattoo on his right arm and that his hands "stunk like cigarettes."

Appellant testified that after meeting the victim, he went over to her house the same night. Rather than knocking on the front door, he entered through an elevated but unlocked sliding glass door in the back of the house notwithstanding the fact that there was a table in front of the door. The woman consented to have sex with him but afterwards they began to argue. She threatened "to call the cops," and they then began to scuffle.

After the rape, the victim drove to a gas station and reported the rape to a police officer on the premises. She was taken to the hospital and examined by Dr. Nassour, an emergency room physician. After stating that he had gone through medical school, a one-year internship, a one-year residency, and had 14 years' experience in emergency medicine, Dr. Nassour testified that the victim had a hematoma (a knot on her head), bruises over the right eye and the right side of her neck, and a possible broken jaw.

Appellant became a suspect after he approached an investigator and told him that on the night of the rape he and his girl friend were sitting on the front porch of the house adjacent to the victim's; he heard a woman scream at approximately 1:00 a.m. and later saw a car drive off, although he could not identify the car. The investigator noticed that appellant had a tattoo, was smoking cigarettes, and fit the description of the rapist given by the victim. In later questioning by the police, appellant "started crying and stated that he did go into

the house and had sex with the girl."

1. In his first three enumerations, appellant challenges the sufficiency of the evidence to support the guilty verdict. Construed in a light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates error on the trial court's charge to the jury that the law permits experts to testify as to their opinions derived from their knowledge of particular matters but that the weight to be given expert testimony, like that of any other witness, is to be determined by the jury, and that the jury is not bound by expert testimony.

Appellant's complaint is that the charge was prejudicial because the court never ruled that Dr. Nassour was a medical expert.

Dr. Nassour clearly qualified as an expert witness. See OCGA § 24-9-67. No objection was made to his testimony as to his qualifications or as to his substantive testimony. Appellant thus waived any objection to his testimony as an expert. See, e.g., *Gattlen v. State*, 134 Ga. App. 71 (213 SE2d 173) (1975). The charge was not improperly given because it was based on the evidence and informed the jury as to the law to apply to such evidence.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 11, 1991.

*James E. Greene*, for appellant.
*Darrell E. Wilson, District Attorney, Kimberly L. Schwartz, Assistant District Attorney*, for appellee.